IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **MICHAEL RANKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )  Civil Action No. 5:21-00453 |
| | ) |
| **MICHAEL D. CARVAJAL,** *et al.* | ) |
| | ) |
| **Defendants.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) The United States' "Notice and Motion to Reconsider Plaintiff's Filing Status as *In Forma Pauperis*" (Document No. 16), filed on October 14, 2021; and (2) Plaintiff's "Motion Requesting to Strike Motion by the United States of American to Reconsider Plaintiff's Filing Status as In Forma Pauperis" (Document No. 28), filed on November 29, 2021; and (3) Plaintiff's "Amended Motion Requesting to Strike Motion by the United States of American to Reconsider Plaintiff's Filing Status as In Forma Pauperis" (Document No. 30), filed on December 1, 2021.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff, acting *pro se*,[1] filed his Complaint on August 13, 2021, naming the following as Defendants: (1) Michael D. Carvajal, Director of the Bureau of Prisons; (2) J.C. Petrucc, Regional Director; (3) John or Jane Doe, Food Service Administrator; (4) D.L. Young, Warden; (5) B. Fain, Administrator of Health Services; and (6) Thomas, Food Service Administrator of Beckley FCI.

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Document No. 1.) Plaintiff alleges that Defendants acted with deliberate indifference to his serious medical needs from January 13, 2021 through August 2021. (Id., p. 7.) Plaintiff contends that he is receiving inadequate medical care related to "his heart condition from suffering three heart attacks in the past, an August 11, 2020 heart surgery and biopsy of a cancerous mass on his heart, [and] cancerous nodules in his lungs, kidney, and bones." (Id.) Plaintiff claims that even though Defendants reviewed his medical records, they fail to provide adequate medical treatment. (Id.) Plaintiff explains that he is exposed to a serious risk of harm because he is incarcerated at FCI Beckley, which is a Care Level Two facility. (Id., pp. 7 – 8.) Plaintiff asserts that a Care Level Two facility cannot provide appropriate medical treatment for Plaintiff's "pain and suffering from his heart condition" and the "cancerous nodules throughout his body." (Id., p. 8.) Plaintiff contends that his serious medical conditions require Plaintiff to be placed at a Care Level Three facility, which can provide treatment by medical staff with "specialized training." (Id.) Plaintiff alleges that Defendants Carvajal, Petrucc, Young, and Fain have ignored Plaintiff's requests for a transfer to a Care Level Three facility. (Id.) Next, Plaintiff complains that Defendants have ignored Plaintiff's requests for "well balanced daily meals containing sufficient nutritional value" and a "medical diet for his diabetes and heart condition." (Id., p. 9.) Finally, Plaintiff contends that he is unable to exhaust his administrative remedies because FCI Beckley staff refuse to provide Plaintiff with forms and have threatened Plaintiff for requesting such forms. (Id., pp. 9 - 10.) Plaintiff requests monetary and injunctive relief. (Id., p. 6.)

As an Exhibit, Plaintiff attaches the following: (1) A copy of Plaintiff's letter dated June 25, 2021, addressed to Defendants Carvajal and Petrucc (Id., pp. 11 – 15.); (2) A copy Warden B. Lammer's Response to Plaintiff's administrative remedy (Remedy No. 1002229-F1) (Id., p. 16.); (3) A copy of an Affidavit from Inmate Zachary Morris (Id., pp. 17 – 18.); (4) A copy of an Order

dated April 16, 2021 as filed in Moore v. Young, Case No. 5:20-cv-00857, wherein Judge Eifert directed that "[i]f FCI Beckley has indeed failed to provide the Response to Petitioner, FCI Beckley is hereby ORDERED to immediately do so" (Id., p. 19); and (5) A copy of a letter dated April 20, 2021, from the United States Attorney's Office directing to FCI Beckley to ensure that Mr. Moore receives a copy of the United States' Response in Case No. 5:20-cv-00857 (Id., p. 20.).

On August 27, 2021, Plaintiff filed his Application to Proceed Without Prepayment of Fees. (Document No. 6.) On September 22, 2021, after screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, the undersigned granted Plaintiff's Motion to Proceed Without Prepayment of Fees and Costs. (Document No. 6.) The Clerk's Office issued process the same day. (Document No. 7.) On October 14, 2021, the United States filed its "Notice and Motion to Reconsider Plaintiff's Filing Status as *In Forma Pauperis*" and Memorandum in Support. (Document Nos. 16 and 17.) As Exhibits, the United States attaches the following: (1) The Declaration of Destiny Spearen (Document No. 22-1, p. 2.); (2) A copy of Plaintiff's "Inmate History Adm-Rel" (Id., pp. 4 – 8.); (3) A copy of Plaintiff's medical records (Id., pp. 10 – 207.); (4) A copy of Pliantiff's commissary receipts (Id., pp. 208 – 225.); (4) A copy of an Order entered in In re: Michael Rankins, Case No. 18-1622 (4th Cir. July 30, 2018), wherein the Fourth Circuit Court of Appeals denied Plaintiff's *in forma pauperis* status based upon the three-strikes rule (Document No. 16-2.); (5) A copy of an "Entry Denying *In Forma Pauperis* Status and Directing Payment of Filing Fee" entered in Rankins v. United States, et al., Case No. 2:19-cv-00165 (S.D.In. June 10, 2019), wherein the Court determined Plaintiff was ineligible to proceed *in forma pauperis* based upon the three-strikes rule (Document No. 16-3.); (6) A copy of an "Entry Denying *In Forma Pauperis* Status and Directing Immediate Termination of Action" entered in Rankins v. United States, et al., Case No. 2:20-cv-00212 (S.D.In. April 28, 2020), wherein the Court determined Plaintiff was

3

ineligible to proceed *in forma pauperis* based upon the three-strikes rule (Document No. 16-4.); and (7) A copy of an Opinion and Order as filed in Sinkfield v. United States, et al., Case No. 7:20-cv-00149 (W.D.Va. March 1, 2021) (Document No. 16-5.).

On November 29, 2021, Plaintiff filed his "Motion Requesting to Strike Defendant's Motion to Reconsider Plaintiff's Motion to Reconsider Plaintiff's Filing Status as In Forma Pauperis." (Document No. 28.) On December 1, 2021, Plaintiff filed his "Amended Motion Requesting to Strike Defendant's Motion to Reconsider Plaintiff's Motion to Reconsider Plaintiff's Filing Status as In Forma Pauperis." (Document No. 30.) On January 6, 2022, the United States filed a "Response to Plaintiff's Motion to Strike and Amended Motion to Strike." (Document No. 39.) On January 13, 2022, Plaintiff filed his Reply. (Document No. 42.)

## DISCUSSION

In its "Notice and Motion to Reconsider Plaintiff's Filing Status as *In Forma Pauperis*," the United States argues that Plaintiff's IFP status should be revoked. (Document Nos. 16 and 17.) The United States asserts that Plaintiff "has a history of vexatious litigation in multiple district and circuit courts around the country." (Document No. 16, p. 2.) The United States argues that Plaintiff is subject to the "three-strike rule" because Plaintiff has had more than three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a claim. (Id., pp. 2 – 3.) The United States notes that Pliantiff's "history of filing frivolous claims was recognized by the Fourth Circuit in 2018 when it denied his request to appeal without prepayment of fees and cited more than three cases from the Eastern District of North Carolina alone that were previously dismissed." (Id., p. 2.) The United States notes that Plaintiff was "less than forthright with the Court regarding his filing history" when he indicated on his Complaint form that he had "not filed any other lawsuits in state or federal court otherwise related to his imprisonment." (Id., p. 17.) Thus, the United States

4

contends that this Court should revoke Plaintiff's *in forma pauperis* ("IFP") status because Plaintiff has not alleged the type of imminent danger that triggers the "safety valve" to the PLRA's three strikes rule. (Document No. 17, pp. 5 – 6.) The United States contends that "Plaintiff makes generalized allegations that he is not at the proper institution to receive treatment for this medical conditions." (Id.) The United States argues that Plaintiff "has not asserted any specific damage or injury, speculative or otherwise, that he has sustained or is likely to sustain." (Id.) The United States asserts that Plaintiff's medical records reflect that he has received adequate and continuous care for his medical conditions. (Id.) The United States contends that Plaintiff "commissary receipts demonstrate he has purchased food items such as 'chili w/bean hot,' 'mackerel,' 'bakers honey graham crackers,' 'bbq waffle chip,' 'beef summer sausage,' 'salted trail mix,' 'strawberry shortcake,' 'oatmeal cream pie,' 'swiss rolls,' and other food items not consistent with a diabetic or heart-healthy diet." (Id.)

In Response, Plaintiff filed his "Motion Requesting to Strike Defendant's Motion to Reconsider Plaintiff's Motion to Reconsider Plaintiff's Filing Status as In Forma Pauperis." (Document No. 28.) Plaintiff states that "[o]n November 1, 2021, the Clerk of this Court received Plaintiff Rankins' full payment of $350.00." (Id.) Plaintiff, therefore, argues that the Defendants' Motion to Reconsider Plaintiff's filing status as IFP should be considered moot. (Id.) In his "Amended Motion Requesting to Strike Defendant's Motion to Reconsider Plaintiff's Motion to Reconsider Plaintiff's Filing Status as In Forma Pauperis," Plaintiff continues to argue that the United States' Motion to Reconsider Plaintiff's filing status as IFP should be denied as moot. (Document No. 30.) Plaintiff contends that "[o]n November 24, 2021, Plaintiff Rankins received a Docket Sheet entered in this matter that indicates that Plaintiff on November 1, 2021, paid a partial filing fee of $345.00." (Document No. 30.) Plaintiff, however, claims that he sent by the

Prison Account Office $350.00 to the Clerk's Office as the full filing fee." (Id.)

In its "Response to Plaintiff's Motion to Strike and Amended Motion to Strike," the United States continues to argue that Plaintiff has "accumulated many strikes under the PLRA and has previously had IFP applications denied." (Document No. 39.) The United States contends that the "only way Plaintiff could bypass the three strikes provision is by demonstrating an imminent danger" and "Plaintiff has not asserted any specific damage or injury, speculative or otherwise, that he has sustained or is likely to sustain, so he cannot meet the imminent danger exception." (Id.) Thus, the United States argues that Pliantiff is not eligible for IFP status. (Id.) The United States asserts that "the fact that Plaintiff has paid the full filing fee only supports the United States' argument that Plaintiff should not retain the IFP status previously granted." (Id.) Finally, the United States argues that this Court has discretion under 28 U.S.C. § 1932 to revoke Plaintiff's good time credit because Plaintiff made "blatant misrepresentations" to fraudulently induct this Court to initially grant him IFP status. (Id.) The United States claims that Plaintiff asserted in his Complaint that he had not filed any other lawsuits in state or federal court otherwise related to his imprisonment. (Id.) Plaintiff further declared he was unable to pay the costs of these proceedings and in less than three weeks after the United States filed its current motion, Plaintiff was pay to finish paying the filing fee. (Id.)

In his Reply, Plaintiff first contends that he "did not knowingly present false information to the Court." (Document No. 42.) Plaintiff claims that he "understood the Bivens form with this Court that the Court was asking if he had any pending Bivens action in any other United States District Court or State court." (Id.) Plaintiff further contends that at the time he filed his Complaint, Plaintiff did not have the $350.00 funds in his account" to pay the filing fee. (Id.) Finally, Plaintiff concludes that his "claims demonstrate that he is in imminent danger" and "the imminent danger

exception is satisfied by Defendants' failure to provide Plaintiff with adequate medical care for his serious medical conditions." (Id.) Plaintiff alleges that in December, Plaintiff's request to "see a cancer specialist and to be placed on a low sodium diet that was ordered by the heart specialist" was denied. (Id.) Thus, Plaintiff concludes that he is receiving inadequate medical care for "cancer nodules in my lungs, kidney and bones" and "my heart condition." (Id.) Plaintiff contends that he suffered a heart attack on September 30, 2021, which "should in fact satisfy the imminent danger exception." (Id.)

The Prison Litigation Reform Act ("PLRA") contains a provision known as the "three-strikes rule." See 28 U.S.C. § 1915(g); Lomax v. Ortiz-Marquez, ___ U.S. ___, 140 S.Ct. 1721, 1723, 207 L.Ed.2d 132 (2020). The three-strikes rule restricts the right to proceed without payment of the filing fee for prisoners who repeatedly file meritless claims. Specifically, Section 1915(g) provides as follows:

> In no event shall a prisoner bring in a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In the instant case, there is no question that Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failing to state a viable claim. See In re: Michael Rankins, Case No. 18-1622 (4th Cir. July 30, 2018)(listing at least three of Mr. Rankin's prior cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted); also see Rankins v. United States, et al., Case No. 2:19-cv-00165 (S.D.In. June 10, 2019)(finding that Mr. Rankins' IFP status was precluded by the three-strikes rule); Rankins v. United States, et al., Case No. 2:20-cv-00212 (S.D.In. April 28, 2020)(dismissing

action because Mr. Rankins filed his IFP application without notifying the Court that he had accumulated three strikes under Section 1915(g)). Since Plaintiff is subject to the three-strikes rule, Plaintiff may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the above action.

"[T]he imminent danger 'must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred.'" Feather-Gorbey, 787 Fed.Appx. at 825(citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)); also see Meyers v. Commoner of Social Security Admin., 801 Fed.Appx. 90, 96 (4th Cir. 2020)(The imminent danger must be a danger that is "close at hand, not a past infraction" and "must have some nexus or relation to those of the underlying complaint.") The plaintiff "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Johnson v. Warner, 200 Fed.Appx. 270, 272 (4th Cir. 2006). A plaintiff's allegations must show that the "conduct complained of threatens continuing or future injury," not just that plaintiff "deserves a remedy for past misconduct." Id.

As stated above, upon screening of Plaintiff's Complaint pursuant to Section 1915A, the undersigned granted Plaintiff IFP status after determining Plaintiff alleged plausible claims of deliberate indifference. (Document No. 6.) A review of Plaintiff's Complaint pursuant to Section 1915(g), however, reveals that Plaintiff's IFP status should be revoked because Plaintiff has not demonstrated an imminent danger of serious physical injury. Concerning his deliberate indifference claim, Plaintiff alleges that he is receiving inadequate medical care related to "his

heart condition from suffering three heart attacks in the past, an August 11, 2020 heart surgery and biopsy of a cancerous mass on his heart, [and] cancerous nodules in his lungs, kidney, and bones." Plaintiff contends that he suffered a heart attack on September 30, 2021, which "should in fact satisfy the imminent danger exception." Plaintiff explains that he is exposed to a serious risk of harm because he is incarcerated at FCI Beckley, which is a Care Level Two facility. Plaintiff asserts that a Care Level Two facility cannot provide appropriate medical treatment for Plaintiff's "pain and suffering from his heart condition" and the "cancerous nodules throughout his body." Plaintiff contends that his serious medical conditions require Plaintiff to be placed at a Care Level Three facility, which can provide treatment by medical staff with "specialized training." Plaintiff also complains that Defendants have ignored Plaintiff's requests for "well balanced daily meals containing sufficient nutritional value" and a "medical diet for his diabetes and heart condition." The United States argues that Plaintiff's above claims are speculative and do not establish an imminent danger of serious physical injury. In support, the United States files a copy of Plaintiff's voluminous medical records, revealing that Plaintiff is receiving continuous care for his medical conditions. (Document No. 16-1, pp. 10 - 207.) Additionally, the United States files a copy of Plaintiff's commissary receipts exhibiting that Plaintiff has purchased numerous food items that are not consistent with a diabetic or heart-healthy diet. (Id., pp. 209 – 225.) Plaintiff allegation that he has suffered heart attacks in the past is insufficient. As stated above, Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Plaintiff's speculative and conclusory claim that he is receiving inadequate medical care because FCI Beckley is a Care Level Two facility is insufficient. Based upon the foregoing, the undersigned finds that Plaintiff's IFP status should be revoked because Plaintiff has failed to demonstrate that he is under imminent danger of serious

physical injury.

To the extent Plaintiff claims that his partial payment ($350) of the filing and administrative fee renders the United States' "Notice and Motion to Reconsider Plaintiff's Filing Status as *In Forma Pauperis*" moot, Pliantiff is incorrect. The undersigned first notes that Plaintiff was advised that he must pay the Court's filing fee ($350) and administrative fee ($52) totaling $402 or obtain approval to proceeding IFP. (Document No. 3.) The Docket Sheet reveals that Plaintiff has only made a partial payment ($350) of the filing and administrative fee. (Document Nos. 5 and 21.) Furthermore, the payment of the Court's filing and administrative fee totaling $402[2] will not save Plaintiff's action from dismissal following the Court's revocation of Plaintiff's IFP status. An inmate subject to the three-strike rule must pay the filing and administrative fee at the time he initiates the action. See Feather-Gorbey v. Vest, 2021 WL 2932738 * 2 (S.D.W.Va. July 12, 2021)(J. Johnston)(citing Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002)("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied in forma pauperis status. He must pay the filing fee at the time he initiates the suit."); Finley v. Doe, 2008 WL 2645472 (S.D.W.Va. June 30, 2008)(J. Johnston)(declining to adopt the Magistrate Judge's recommendation to allow Plaintiff ten additional days to pay the filing fee before dismissing his Complaint because the prisoner must pay the filing fee at the time he initiates the suit). Therefore, the undersigned respectfully recommends that Plaintiff's "Motion Requesting to Strike Motion by the United States

---

[2] By Order entered on August 17, 2021, the undersigned notified Plaintiff that he must pay the Court's filing fee ($350) and administrative fee ($52) totaling $402 or obtain approval to proceeding IFP. (Document No. 3.)

of American to Reconsider Plaintiff's Filing Status as In Forma Pauperis" (Document No. 28) and "Amended Motion Requesting to Strike Motion by the United States of American to Reconsider Plaintiff's Filing Status as In Forma Pauperis" (Document No. 30) be denied. The undersigned further recommends that Plaintiff's partial payment of the filing and administrative fee ($350) be returned to Plaintiff.

To the extent the United States requests that this Court revoke Plaintiff's good time credit under 28 U.S.C. § 1932 because Plaintiff made "blatant misrepresentations" to fraudulently induce this Court to initially grant him IFP status, the undersigned will briefly consider the issue. Title 28 U.S.C. § 1932 provides as follows:

> In any civil action brought by an adult convicted of a crime and confined in a Federal correctional facility, the court may order the revocation of such earned good time credit under section 3624(b) of title 18, United States Code, that has not yet vested, if, on its own motion or the motion of any party, the court finds that - -
>
> (1) the claim was filed for a malicious purpose;
>
> (2) the claim was filed solely to harass the party against which it was filed; or
>
> (3) the claimant testified falsely or otherwise knowingly presents false evidence or information of the court.

28 U.S.C. § 1932. A review of Plaintiff's verified Complaints clearly reveals that Plaintiff omitted the inclusion of prior actions filed with other federal courts concerning conditions related to his imprisonment. (See Document No. 1 and 31.) Although Plaintiff contends that he is *pro se* and he understood the Complaint form[3] to be asking if he had any "pending" actions with other federal courts, the undersigned finds this claim to be disingenuous. The record clearly reveals that Plaintiff

---

[3] Section III of the Complaint form is entitled "Previous Lawsuits" and asks the following: "Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise related to your imprisonment?" Plaintiff answered "N/A."

is a frequent filer, who is very familiar with initiating actions. Additionally, Plaintiff was very well-aware at the time he initiated the above action that he was subject to the three-strike provision of Section 1915(g). Although an inmate's misrepresentation to a Court should not be discounted, the undersigned notes this is the first possible incident of Plaintiff making a misrepresentation to this Court. The undersigned, therefore, recommends that the District Court not invoke its discretion to revoke any good time credit from Plaintiff based on the above incident. Plaintiff, however, is warned that any future misrepresentations will result in this Court's serious consideration of the revocation of good time credit pursuant to Section 1932.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** the United States' "Motion to Reconsider Plaintiff's Filing Status as *In Forma Pauperis*" (Document No. 16), **DENY** Plaintiff's "Motion Requesting to Strike Motion by the United States of American to Reconsider Plaintiff's Filing Status as In Forma Pauperis" (Document No. 28) and "Amended Motion Requesting to Strike Motion by the United States of American to Reconsider Plaintiff's Filing Status as In Forma Pauperis" (Document No. 30), **REVOKE** Plaintiff's IFP status, **DIRECT** that the Clerk return Plaintiff's partial payment of the filing and administrative fee, **DISMISS** Plaintiff's Complaints (Document No. 1 and 31) without prejudice pursuant to 28 U.S.C. § 1915(g), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days

(filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and counsel of record.

Date: February 9, 2022.

Omar J. Aboulhosn
United States Magistrate Judge