UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MICHAEL RANKINS,

        Plaintiff,

v.                          CIVIL ACTION NO. 5:21-cv-00453

MICHAEL D. CARVAJAL, *Director, Bureau of Prisons*, J. C. PETRUCC, *Regional Director*, JOHN OR JANE DOE, *Food Service Administrator*, D. L. YOUNG, *Warden*, B. FAIN, *Administrator, Health Service*, THOMAS, *Food Service Administrator of Beckley FCI*, G. YORKOVICH, *Mail Room Supervisor*,

        Defendants,

and

UNITED STATES OF AMERICA,

        Movant.

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff's Complaint and Amended Complaint pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). [Docs. 1, 31]. Also pending are the United States' Notice and Motion to Reconsider Plaintiff's Filing Status as In Forma Pauperis ("IFP"), [Doc. 16], and Plaintiff's Motion and Amended Motion Requesting to Strike Defendant's Motion to Reconsider Plaintiff's Filing Status as IFP [Docs. 28, 30]. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on February 9, 2022. Magistrate Judge Aboulhosn recommended the Court grant

the United States' Notice and Motion to Reconsider Plaintiff's Filing Status as IFP [Doc. 16]; deny Plaintiff's Motion and Amended Motion Requesting to Strike Defendant's Motion to Reconsider Plaintiff's Filing Status as IFP [Docs. 28, 30]; revoke Plaintiff's IFP status; dismiss the Complaint and Amended Complaint [Docs. 1, 31]; and direct the Clerk to return Plaintiff's partial payment of the filing and administrative fee. [Doc. 44]. Mr. Rankins timely objected. [Doc. 48].

## I.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## II.

Mr. Rankins contends he satisfied the imminent danger standard to proceed IFP. He reiterates his contention that he is not receiving adequate treatment for his medical conditions at FCI Beckley, and he notes the Government's exhibits containing Mr. Rankins's medical records

do not include an affidavit from a doctor confirming that his medical treatment at FCI Beckley is adequate. [Doc. 48 at 2 – 3]. Magistrate Judge Aboulhosn concluded Mr. Rankins had not made a showing that he was under imminent danger of serious physical injury. Construing the pro se filings liberally, this Court agrees with the Magistrate Judge. "Imminent danger of serious physical injury" requires "that the imminent danger 'must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred.'" *Feather-Gorbey v. Dunbar,* 787 Fed. Appx. 824, 825 (4th Cir. 2019) (citing *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003)).

The Court is required to screen all cases in which a plaintiff seeks to proceed IFP, and the Court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court undertakes similar screening when the plaintiff seeks relief from a governmental entity or a governmental entity's officers or employees. 28 U.S.C. § 1915A(b).

The inmate's complaint is subject to the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"). This subsection provides that

> [i]n no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court's screening under the "three strikes" rule imposes an additional pleading requirement on the plaintiff who has struck out: even if the plaintiff's claims pass general scrutiny under § 1915(e)(2)(B) or § 1915A, the plaintiff must be "under imminent danger of serious physical injury" for his Complaint to survive the Court's screening. 28 U.S.C. § 1915(g).

Magistrate Judge Aboulhosn screened Mr. Rankins's complaint under 28 U.S.C. §

1915A inasmuch as the Complaint alleged claims against federal government employees or officers. The Government's motion to revoke Mr. Rankins's IFP status was based on the fact Mr. Rankins is a frequent filer and his Complaint should be screened under the three-strike provision of 28 U.S.C. § 1915(g). The Government also notes Mr. Rankins deceived the Court in filing his *Bivens* action, inasmuch as he falsely answered a question on the complaint form that he had no previous, pending actions relating to his incarceration. [Doc. 39 at 3 – 4].

Because "imminent danger" is an additional pleading requirement for inmates with three strikes, the allegation of imminent danger must meet the same plausibility standard required of all complaints. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Rankins set forth conclusory statements in his Complaint and Amended Complaint that he receives inadequate medical treatment; he has failed to plead specific facts to this effect. He claims FCI Beckley is a Care Level Two facility, but he asserts his required level of care can only be provided at a Care Level Three facility. [Doc. 1 at 7 – 8]. Based upon his voluminous medical records submitted by the Government, it appears he is receiving regular medical care at his current facility. [Doc. 16-1]. Further, the Government posits Mr. Rankins may be exacerbating his own diabetic condition by purchasing unhealthy food in the commissary. [*Id.* at 208 – 225]. Mr. Rankins does not indicate how his present medical treatment is inadequate beyond his bare assertion of the same.

Mr. Rankins has thus not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed IFP. The Court **OVERRULES** the objection.

### III.

Mr. Rankins objects to Magistrate Judge Aboulhosn's failure to provide a finding

and recommendation on his Amended Complaint filed on December 12, 2021. [Doc. 48 at 3]. The Court's docket does not reflect an amended complaint dated or filed on such date. The Magistrate Judge's PF&R recommended dismissal of both the Complaint [Doc. 1] and Amended Complaint [Doc. 31]. The Court **OVERRULES** this objection.

## IV.

Based upon the foregoing discussion, the Court **ORDERS** the PF&R is **ADOPTED [Doc. 44]**; the United States' Notice and Motion to Reconsider Plaintiff's Filing Status as IFP is **GRANTED [Doc. 16]**; Plaintiff's Motion and Amended Motion Requesting to Strike Defendant's Motion to Reconsider Plaintiff's Filing Status as IFP are **DENIED [Docs. 28, 30]**; Plaintiff's IFP status is **REVOKED**; and the Complaint and Amended Complaint are **DISMISSED [Docs. 1, 31]**. The Clerk is **DIRECTED** to promptly return Mr. Rankins's partial payment of the filing and administrative fee of $350.00.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party herein.

ENTER: March 7, 2022

Frank W. Volk
United States District Judge